UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KRISTINA BENJAMIN,

        Plaintiff,

                                                  Case Number 06-15179-BC

v.                                           Honorable Thomas L. Ludington

SANDVIK, INC.,

        Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Kristina Benjamin filed suit, alleging retaliatory termination by her former employer, Defendant Sandvik, Inc., for her exercise of rights under the Workers Disability Compensation Act (WDCA), Mich. Comp. Laws § 418.301 *et seq*. Defendant removed the case here and has now filed a motion for summary judgment.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

The facts are largely uncontested by the parties. Plaintiff worked in "grade powder approval" for Defendant. This role required repetitive hand movement, involving pressing metal powder tips with her fingers and palms and manually grinding and polishing them. Plaintiff had pain in her hands and wrists, which raised a concern whether a planned job rotation would aggravate that pain. She related this concern to her supervisor, Chris Truemner. Plaintiff's supervisor alerted the human resources (HR) manager, Cheryl O'Rourke, of the situation, and she directed the

supervisor to complete an accident report and to direct Plaintiff to an occupational health clinic. The supervisor did so.

On January 9, 2006, Plaintiff took a single Darvocet pill for the pain in her hands that her sister gave her. At the time she took that pill, she had no knowledge of the fact that she would be directed to go to the clinic the following day. On January 10, 2006, she took a drug test at the clinic.

On January 16, 2006, the HR manager received the results, which had tested positive for Darvocet. The HR manager informed Plaintiff's supervisor's supervisor, Robert Caron. That supervisor and the HR manager then met with Plaintiff about the situation, and Plaintiff explained that she had taken one of her sister's Darvocet pills. Plaintiff admitted to them that she did not have a prescription. She did secure a prescription from her physician later that day. (Her last prescription for Darvocet was from 2001.) Defendant suspended her to permit further investigation.

At some point after that meeting, the HR manager contacted Defendant's insurer for its worker's compensation coverage. She learned that Plaintiff's worker's compensation benefit would be available, although reduced to the extent of wage loss, based on her termination.

On February 2, 2006, the HR manager, the higher-level supervisor, and the president of one of Defendant's divisions, John Frederichs, met with Plaintiff. The president explained that, effective that day, her employment was terminated because she failed the drug test. In her termination letter, Defendant committed to continue to pay her worker's compensation claim, although the amount would be reduced in light of the termination of her employment.

Defendant has a policy requiring a drug-free workplace. That policy defines drugs to include "the illegal use of legal prescription drugs" but excludes "prescription drugs taken as directed by a doctor." *Dft. Drug Policy*, p. 23; Dft. Br., Ex. 11 [dkt #14-12]. The policy continues, "The use of

legal prescription drugs in the workplace that may affect an employee's ability to safely or properly perform their job while at work should be reported to the supervisor." *Id*. Employees who work under the influence of drugs are subject to disciplinary action, up to and including termination of employment. This policy was available in the employee breakroom.

Now pending before the Court is Defendant's motion for summary judgment under Federal Rule of Civil Procedure 56. Under Federal Rule of Civil Procedure 56(c), a court must review "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to conclude that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 534 (6th Cir. 2002). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002).

Mich. Comp. Law § 418.301(11) provides:

> A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act.

A plaintiff must show the following elements to make out a claim of retaliatory discharge:

> 1. [she] asserted [her] right to workers' compensation benefits;
> 2. the defendant knew that plaintiff asserted [her] right to workers' compensation benefits;
> 3. the plaintiff suffered an adverse employment action; and
> 4. there was a causal connection between the plaintiff's assertion of [her] right to workers' compensation benefits and the adverse employment action.

*Dortman v. ACO Hardware, Inc.*, 405 F. Supp. 2d 812, 822 (E.D. Mich. 2002) (relying on *Chiles v. Machine Shop, Inc.*, 606 N.W.2d 398, 404 (Mich. Ct. App. 1999)). A plaintiff bears the burden to show the "causal connection" between the protected activity, such as a claiming worker's compensation benefits, and adverse employment action. *Chiles*, 606 N.W.2d at 404. In the context of a retaliatory discrimination claim under the Michigan Elliott-Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 *et seq.*, the Michigan Supreme Court held that a plaintiff must show something more than a coincidence in time between the protected activity and the adverse employment action. *Garg v. Macomb County Community Mental Health Serv.*, 696 N.W.2d 646, 660 (Mich. 2005) (citation omitted).

Section 301(11) "prohibit[s] discharge in retaliation for having filed a workers' compensation claim, not for the anticipated filing of such a claim." *Griffey v. Prestige Stamping, Inc.*, 473 N.W.2d 790, 665, 792 (Mich. Ct. App. 1991). No cause of action for retaliatory discharge exists when the claim is premised on an employer's anticipation that an employee may file a worker's compensation claim. *Id.*; *see also Ashworth v. Jefferson Screw Products*, 440 N.W.2d 101, 105 (Mich. Ct. App. 1989) (citations omitted). As described in *Chisolm v. Michigan AFSCME Council 25*, 218 F.Supp.2d 855, 874 (E.D. Mich. 2002), the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies to worker's compensation retaliation claims. (Citing *Chiles*, 606 N.W.2d at 404).

Here, no party disputes that Plaintiff can establish the first three elements of a worker's compensation retaliation claim, i.e., that she asserted her right to workers' compensation benefits, that Defendant knew she had, and that she suffered an adverse employment action by having her employment terminated. The element of causation, however, has received little factual development. Plaintiff has provided evidence that she alerted her employer to the condition in her hands and wrists in January 2006 and that she sought worker's compensation benefits on January 10, 2006. On January 16, 2006, Defendant suspended her employment, and then on February 2, 2006, that suspension ended with the termination of her employment. At best, Plaintiff has shown a temporal proximity between these events. That Defendant's HR manager contacted an insurer to learn that benefits would be diminished if Plaintiff's employment was terminated does, however, provide room for an inference in favor of the non-movant, at least to the extent of creating a material issue of fact. On a motion for summary judgment, this inference prevents the dismissal of Plaintiff's claim for a failure to demonstrate a *prima facie* case.

Defendant, however, has offered a legitimate business reason for terminating her employment, and that reason goes unrebutted by Plaintiff. Defendant's drug-free workplace policy clearly captures precisely the conduct that occurred here. Plaintiff took a legal drug without a prescription. Indeed, she admitted this fact in the meeting on the day she was suspended. Although the drug-free workplace policy allowed Defendant the discretion to take a disciplinary action less than terminating her employment, Plaintiff's conduct did violate the policy. That she later obtained a prescription for that drug, that she had a prescription for that drug five years prior, that she was on potentially similar (or even more potent) drugs for which she had a prescription does not alter the central fact – that she took the drug in question without a prescription to do so. Nor does the

recency of the institution of the policy have any bearing on its validity or on Defendant's authority to enforce it in its workplace. Thus, Defendant had a legitimate business reason for terminating Plaintiff's employment. Nothing offered by Plaintiff suggests that this reason is pretextual. Accordingly, the Court will grant Defendant's motion for summary judgment, because no genuine issue of material fact remains regarding Defendant's non-discriminatory reason for terminating Plaintiff's employment and because that unrebutted reason then entitles Defendant to judgment as a matter of law.

Accordingly, it is **ORDERED** that Defendant's motion for summary judgment [dkt #14] is **GRANTED**.

                                              s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

Dated: October 3, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 3, 2007.

                                    s/Tracy A. Jacobs
                                    TRACY A. JACOBS